| | |
|---|---|
| Joshua B. Swigart, Esq. (SBN: 225557) | Daniel G. Shay, Esq (SBN: 250548) |
| josh@westcoastlitigation.com | danielshay@tcpafdcpa.com |
| Yana A. Hart, Esq. (SBN: 306499) | **LAW OFFICE OF DANIEL G. SHAY** |
| yana@westcoastlitigation.com | 409 Camino Del Rio South, Ste 101B |
| **HYDE & SWIGART** | San Diego, CA 92108 |
| 2221 Camino Del Rio South, Suite 101 | Telephone: (619) 222-7429 |
| San Diego, CA 92108 | Facsimile: (866) 431-3292 |
| Telephone: (619) 233-7770 | |
| Facsimile: (619) 297-1022 | |

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN THEW,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK USA, N.A.,<br><br>Defendant. | **Case No: 5:17-cv-1692**<br>**COMPLAINT FOR DAMAGES**<br>1. **NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***<br>2. **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br>3. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32; AND**<br>4. **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Nathan Thew ("Plaintiff") brings this action for damages and any other available legal or equitable remedies, resulting from the illegal actions of Chase Bank USA, N.A. ("Defendant" or "Chase") and present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or related entities for willfully violating debt collection laws. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

Complaint for Damages

4. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.

5. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

6. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

7. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of

Complaint for Damages

privacy, regardless of the type of call…." *Id*. at §§ 12-13.  *See also*, *Mims*, 132 S. Ct. at 744.

8. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act …  is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

9. This Court has federal question jurisdiction because this case arises out of violation of the TCPA, 47 U.S.C. § 227 et seq.

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendant's violations of the TCPA, 47 U.S.C. § 227 et seq, the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA" or "Rosenthal Act"), and state law negligence.

12. Defendant regularly attempts to collect alleged debts against consumers in Riverside County by making telephone calls to consumers, as Defendant did to Plaintiff.

13. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in Murrieta, County of Riverside, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) many of the acts and

transactions giving rise to this action occurred in this district because Defendant, personal jurisdiction is established.

## PARTIES

14. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, County of Riverside, in this judicial district. Plaintiff is, and at all times mentioned herein was, a "person" as defined by Cal. Civ. Code § 1788.2(g) and a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h). Plaintiff is an active duty Marine in the United States Marine Corps.

15. Defendant, is and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153 (39) and Cal. Civ. Code § 1788.2(g). Defendant collects on alleged defaulted debts.

16. Plaintiff is informed and believes, and thereon alleges, that Chase Bank USA, N.A. is, and at all times mentioned herein was, a national banking association registered in Delaware. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County of Riverside, within this judicial district. Defendant is, and at all times mentioned herein was, a "debt collector" as the term is defined by Cal. Civ. Code § 1788.2(b).

## FACTUAL ALLEGATIONS AND DISCUSSION

17. Around 2015 Plaintiff incurred a "consumer debt" as that term is defined under Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5) for a loan made by Chase.

18. Defendant attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

19. On August 29, 2016, Plaintiff filed Chapter 7 bankruptcy in the United States Bankruptcy Court Central District of California, Riverside under case number 6:16-bk-17732-SY whereby the debt was discharged. Plaintiff retained attorney Daniel G. Shay ("Attorney") for the bankruptcy and to stop collection activity.

20. On August 31, 2016, the United States Bankruptcy Court mailed Defendant a Notice of Chapter 7 Bankruptcy Case by First Class U.S. Mail to Defendant's address of record in Columbus, Ohio. There is a Proof of Service available on PACER under Document Plaintiff's bankruptcy case.

21. The notice of Chapter 7 bankruptcy case contains the name, address and phone number of Attorney.

22. Nevertheless, Defendant continued communicating directly with Plaintiff attempting to collect the discharged debt.

23. On or around February 21, 2017, despite the discharge of Plaintiff's debt to Defendant, Defendant called Plaintiff on his cellular telephone from the telephone number 800-848-9380 in attempt to collect the debt. Plaintiff told Defendant's representative that he had filed bankruptcy and Defendant responded, "Okay, have a nice day".

24. Nevertheless, Defendant's collection efforts on a discharged debt did not cease.

25. On or around March 9, 2017, Defendant called Plaintiff on his cellular telephone from the telephone number 800-848-9380 again in attempt to collect the debt.

26. On or around March 12, 2017, Defendant called Plaintiff from the telephone number 800-848-9380 in attempt to collect the debt.

27. On or around March 13, 2017, Defendant called Plaintiff on his cellular telephone from the telephone number 800-848-9380 in attempt to collect the debt.

28. On or around March 14, 2017, Defendant called Plaintiff on his cellular telephone from the telephone number 800-848-9380 in attempt to collect the debt. Plaintiff gave Defendant's representative Attorney's contact information again and Defendant responded, "Okay, have a nice day".

29. On or around March 28, 2017, Defendant called Plaintiff on his cellular telephone in attempt to collect the debt, reminding Plaintiff he is "still responsible" for the interest of the debt which has been fully discharged.

Complaint for Damages

30. On May 22, 2017, Defendant called Plaintiff again on his cellular telephone in attempt to collect the debt. When Plaintiff answered the call it was silent, then following the pause of silence Defendant's agent came on the line. Defendant asked Plaintiff to discuss his mortgage, but Plaintiff reminded Defendant that he is represented by Attorney and that he has relayed this to Defendant multiple times. Plaintiff once again provided Defendant with Attorney's contact information.

31. On or around June 6, 2017, Defendant called Plaintiff on his cellular telephone from the telephone number 800-848-9380 in attempt to collect the debt. When Plaintiff answered, Defendant's line was silent, as if no one was on the line, then a few seconds later the call abruptly ended.

32. On or around June 7, 2017, Defendant called Plaintiff on his cellular telephone from the telephone number 800-848-9380. When Plaintiff answered the call it was silent, then following the pause of silence Defendant's agent came on the line. Defendant asked to speak with someone with a name similar to Frashed Grebs. However, Plaintiff is not identified by this name and has never heard of this individual. Plaintiff then asked for the identity of the caller, but Defendant ended the call.

33. Defendant continued to call Plaintiff on his cellular telephone from the telephone number 800-848-9380 through August 2017. During these calls, Plaintiff answers the phone, there is a long pause, then Defendant asks for an individual that is not Plaintiff and unknown to Plaintiff. Defendant asks for different individuals each time it calls Plaintiff, then Plaintiff usually asks "is this Chase?" and Defendant responds "yes". Defendant does not disclose its identity prior to Plaintiff's inquiries.

34. During many of the phone calls Defendant was collecting on a "consumer debt" from Plaintiff, owed by Plaintiff, Frashed Grebs (spelling is unknown), and other unknown individuals, as that term is defined under Cal. Civ. Code §

Complaint for Damages

1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5) for a loan made by Chase.

35. Plaintiff when answering repeated telephone calls hears a long pause prior to Defendant's representatives coming on the line.

36. Defendant continues to call Plaintiff, collecting on debts owed by other people.

37. Defendant always calls from the same number, although asks to collect on accounts that belong to other people.

38. Plaintiff, every single time answers the call and tells Defendant that Defendant is calling the wrong number, yet Defendant's telephone calls do not stop.

39. Defendant, upon information and belief, used an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).

40. Upon information and belief, Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

41. Upon information and belief, Defendant's ATDS also has the capacity to and does, dial telephone numbers stored as a list or in a database without human intervention.

42. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

43. These unwanted telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

44. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A), rather, Plaintiff repeatedly revoked any prior consent when he told Defendant he is represented by Attorney and provided Defendant with Attorney's contact

Complaint for Damages

information. Additionally, Plaintiff never consented to the call to his cellular telephone intended for an unknown individual.

45. These communications were "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

46. Defendant's communication also violated Cal. Civ. Code § 1788.17 through incorporation of 15 U.S.C. §§ 1692d, 1692d(5), and 1692f because debt collectors are prohibited from engaging in unfair practices and harassing debtors. Here, Defendant failed to cease its direct communications with the debtor directly, despite Plaintiff's representation as well as his bankruptcy and discharge of all debts.

47. When individuals seek attorneys to represent them in cases such as these, they trust attorneys to handle their legal matters. When companies, like Defendant, attempt to communicate with an individual who has representation, it interferes with the attorney-client relationship.

48. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing him to silence his cell phone and/or block incoming numbers.

49. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

50. Plaintiff was personally affected because he was frustrated and distressed that despite his bankruptcy and representation by Attorney, Defendant continued to harass Plaintiff with calls using an ATDS and attempting to collect debt owed by another individual. Defendant was further was frustrated and distressed where he received a call intended for an unrelated debtor.

51. Plaintiff was injured because his privacy rights were infringed upon in the form of harassment by Defendant.

52. As a direct and proximate result of Defendant's unfair, unlawful, oppressive, and abusive collection practices, Plaintiff has suffered mental anguish by way of

9

Complaint for Damages

embarrassment, shame, anxiety, fear, and feelings of despair over the fact that Defendant's unlawful collection efforts even upon notification of representation by Attorney and Chapter 7 bankruptcy filing.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. § 227

53. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

55. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

56. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. § 227

57. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

58. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

59. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to

$1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE § 1788, ET SEQ.

60. Plaintiff incorporates by reference the above paragraphs of this complaint.

61. The RFDCPA, Cal. Civ. Code § 1788 *et seq*, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

62. Defendant attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

63. Defendant, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

64. Defendant communicated with Plaintiff after it knew Plaintiff's Chase debt was discharged and Plaintiff was represented by an attorney with regard to the subject debt in violation of 15 U.S.C. § 1692b(6) which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17 and says Defendant shall not communicate with Plaintiff at all;

> "after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address…"

65. Defendant communicated with Plaintiff after it knew Plaintiff was represented by an attorney with regard to the subject debt in violation of 15 U.S.C. § 1692c(a)(2) which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17 and says that a debt collector may not communicate with a consumer in connection with the collection of any debt:

> "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable

> period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

66. Defendant further attempted to collect debt that was not owed by Plaintiff, violating 15 U.S.C. § 1692f(1).

67. Defendant attempted to collect a debt from Defendant for debt owed by unrelated parties and from Defendant after it knew Plaintiff was represented by Attorney and in violation of 15 U.S.C. § 1692d which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17 and states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

68. Defendant used unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f which violates Cal. Civ. Code § 1788.17.

69. Defendant did not comply with 15 U.S.C. §§ 1692b to 1692j as required by Cal. Civ. Code § 1788.17.

70. Defendant willfully and knowingly violated the RFDCPA. As a "debt collector" under the RFDCPA it is fully aware of California's debt collection laws, including the RFDCPA and FDCPA as incorporated therein.

71. A willful violation occurs where the violator intends to do the act which makes up the violation. In the case of *People v. Bell*, 45 Cal. App. 4th 1030, the court found that the Penal Code definitions of "knowingly" and "willfully" were persuasive in determining the intent of Civil Code Sections. The court defined willfully and knowingly as requiring "only that the illegal act or omission occur 'intentionally,' without regard for the motive or ignorance of the act's prohibited character." Defendant's dispatch of the debt collection phone calls to Plaintiff shows a willful and knowing violation of the RFDCPA.

72. Plaintiff is entitled to damages as a result of Defendant's willful violations.

73. Plaintiff is also entitled to an award of attorney fees, costs, interest and any other

Complaint for Damages

relief the Court deems just and proper.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE

74. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

75. Defendant owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights, and to avoid harassing Plaintiff by contacting him after he filed bankruptcy and his debts were discharged and calling him in error instead of the individuals that Defendant intended to contact.

76. Defendant's conduct proximately caused injuries to Plaintiff.

77. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

78. Plaintiff believes and alleges that Defendant's conduct of calling Plaintiff repeatedly using an ATDS in attempt to collect the debt following his bankruptcy as well as improperly calling Plaintiff in attempt to reach unrelated debtors constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227

79. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

80. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

81. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

82. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227

83. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

84. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

85. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### THIRD CAUSE OF ACTION
### VIOLATIONS OF THE RFDCPA

86. Actual damages pursuant to Cal. Civ. Code § 1788.30(a) and Cal. Civ. Code § 1788.32;

87. Statutory damages of $1,000.00 for violation of Cal. Civ. Code § 1788, *et seq* pursuant to Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code § 1788.32.

*Gonzales v. Arrow Financial Services, LLC*, 489 F.Supp.2d 1140, 1143 (S.D. Cal. 2007);

88. Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1788.32;

89. Interest, punitive damages and any other relief the Court deems just and proper.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE

90. As a result of Defendant's negligence, Plaintiff is entitled to money damages in an amount to be proven at trial; and

91. Interest, punitive damages and any other relief the Court deems just and proper.

### Trial by Jury

92. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Date: August 22, 2017            **KAZEROUNI LAW GROUP, APC**

By: s/Abbas Kazerounian, Esq.
Abbas Kazerounian, Esq.
ak@kazlg.com
*Attorney for Plaintiff*

Complaint for Damages